## *Lenox, Maitland and Renwick* v. *Howland, Russel and others.*

THE court having on a former day allowed the plaintiffs to show that they had such a demand against the defendants as would warrant the attach-ment,

*Hoffman* now read an affidavit, by which it appear-ed, that their claim was founded on the contract con-

Nov. Term, tained in a bill of lading, for the delivery of goods
1805. shipped on board the defendants' vessel.

*Per Curiam*, delivered by LIVINGSTON, J. We
are to determine, not whether the affidavit now read
would have been the proper basis of an attachment,
but whether the demand, as now disclosed, is suffi-
cient to support it. Although by the terms of the
oath the creditor is to swear that the party is *indebted*
to him, in the sum of one hundred dollars or *upwards*,
it does not follow that the demand is to be so certain,
as to fall within the technical definition of a debt, or
as to be susceptible of liquidation, without the inter-
vention of a jury. The law is remedial, and should
be so construed as to embrace as many cases as pos-
sible. Being *indebted* is synonymous with *owing ;* it
is sufficient, therefore, if the demand arise on con-
tract. The other provisions of the act plainly indi-
cate, that its relief was to extend thus far at least,
and, if the whole act be construed together, leave
but little or no doubt on the subject. The 16th sec-
tion declares, that in case a controversy arise concern-
ing any *claim, debt,* or *demand,* respecting the estate
of the debtor, the trustees may have it settled by re-
ference, and by the 21st section the attachment may
be superseded, if the debtor will give security to ap-
pear and plead to *any* action to be brought against
him in any court of *law or equity,* and to pay such
sum as shall be recovered against him. It is very
evident from these sections, that it was not intended
to confine the remedies, either in favour of or against
such estate, to cases of ascertained and liquidated
debts. Else why speak of *any claim* in the first, and
why compel by the other, the party, in order to get

rid of this process, to appear to *any suit in law or*
*equity.* These terms are broad enough to include at
least all demands originating in contract. Nor can
it make any difference whether the goods in the pre-
sent case were not delivered at all, or delivered in a
damaged condition. In either case the demand arises
on the bill of lading ; nor ought the form of de-
claring to vary the case. In the first case the party
might certainly declare, generally, that the goods did
not come to hand, without stating that this was ow-
ing to the negligence or carelessness of the master,
and if this general form of declaring cannot be pur-
sued in the latter case, it can and ought to make no
difference. In both cases the owners are liable on the
contract of the master, as much as if they had signed it
themselves. Nor can the difficulty of ascertaining the
precise damage make any difference. This must al-
ways be more or less liable to some uncertainty. To
obtain a liquidation a reference may be resorted to, and
if the trustees will not submit to one, they may be
sued, and a jury will settle the *quantum* of the de-
mand. If a carpenter contracts to build a house for
a given sum and does it so negligently that it falls the
very day it is finished, and then absconds possessing
a large property, it would be strange that I should
have no remedy, because it be necessary to declare
against him for a misfeasance or non-feasance, or be-
cause it may require some little calculation to settle
the damages. The substantial inquiry, in this stage
of the proceeding, must be to ascertain whether the
party has a legal claim arising on contract, not by
what kind of action it is to be enforced, which has

3 T

Nov. Term, 1805.

ever appeared to me a very fallacious mode of testing questions of this kind. From the whole tenor of the act it is very evident, whatever may be the phraseology of its first clause, that its design was to place the property of a debtor in trustees for the payment, not solely of *debts* within the legal acceptation of that term, but of every demand contracted against his estate, as well those due to the attaching party, as to others, and in like manner to give the trustees a remedy as broad, against third persons. If we once begin to refine or make nice distinctions on this subject, no one can say where we shall land. The act will soon be repealed, or become a dead letter. As this demand then is founded on contract, it can be of no importance in what way the injury arose, nor can we say it is of a kind not to support the attachment. The *supersedeas* is, therefore, denied.